Sean A. Monson (7261)
BENNETT TUELLER JOHNSON & DEERE
Attorneys for Plaintiff
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone:  (801) 438-2000
Facsimile: (801) 438-2050

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

* * * * * * *

| | |
|---|---|
| KING'S POND, LLC a Utah limited liability company, ) ) ) | |
| Plaintiff, ) ) | **COMPLAINT** |
| vs. ) ) | **(Jury Trial Demanded)** |
| SOUTH MISSION ONLINE, LLC a California limited liability company, ) ) ) | Case No. 2:16-cv-00235 |
| Defendant. ) ) ) ) ) ) | Judge Dustin B. Pead |

* * * * * * *

Plaintiff, Kings Pond LLC, by and through its counsel, hereby complains against the

above-named defendant, South Mission Online, LLC and alleges as follows:

## DESCRIPTION OF PARTIES

1.     Plaintiff King's Pond, LLC ("***King's Pond***") is a Utah limited liability company

with its principal place of business in the State of Utah.

2.      The members of King's Pond are residents of Utah.

3.      Upon information and belief, Defendant South Mission Online, LLC ("***South Mission***"), is a California limited liability company with its principal place of business and headquarters in San Diego.

4.      Upon information and belief, the members of South Mission are residents of California.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over King's Pond's claims for trademark infringement and related claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 *et seq.*, and 15 U.S.C. §§ 1114, 1125.

6.      This Court has diversity jurisdiction over this case pursuant to 11 U.S.C. § 1332 as the parties are diverse citizens of the United States and the amount in controversy exceeds $75,000.00.

7.      This Court has supplemental jurisdiction over King's Pond's claims arising under the laws of the State of Utah pursuant to 28 U.S.C. § 1367(a) because these claims are so related to King's Pond's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8.      Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1391 because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Utah; and/or

(b) South Mission has sufficient connection with the District of Utah to make venue proper in this district, all as alleged in this Complaint.

## GENERAL ALLEGATIONS
### King's Pond Business

9.      King's Pond markets and sells leisure and recreational products including hammocks and related equipment.

10.      King's Pond sells its hammocks and related equipment under the trademarked name Hammaka®.

11.      King's Pond licensed the trademark Hammaka® with the United States patent and trademark office.

12.      King's Pond markets and sells its products using the Hammaka® trademark and trade name (the "***Mark***") on various retail websites such as Amazon.com or Rakuten.com.

13.      King's Pond has obtained unique UPC codes that identify each individual King's Pond product.

14.      No other manufacturer or distributor of goods has the legal right or authority to market goods using the unique UPC codes assigned to King's Pond's products.

15.      South Mission has infringed the Mark by marketing and advertising its own products (which compete with King's Pond's products) using the Mark and UPC codes unique to King's Pond's products on both Amazon.com and Rakuten.com.  Screen shots illustrating advertisements placed on Amazon.com and Rakuten.com by South Mission that use the Mark to

claim that South Mission is selling Hammaka® products and which use King's Pond's unique UPC codes to identify products sold by South Mission are attached as Exhibit A.

16.     South Mission has no distribution agreement or other rights to sell King's Pond's products or to use the Mark in marketing South Mission's products.

17.     Further, in advertising its products on Amazon.com and Rakuten.com, South Mission has used photographs of King's Pond's products (which are used by King's Pond in its own marketing and advertising materials).

18.     King's Pond has demanded that South Mission immediately cease use of the Mark, King's Pond's unique UPC codes, and photographs used to advertise King's Pond's products in South Mountain's marketing and advertising materials including the advertisements placed on Amazon.com and Rakuten.com.

19.     South Mission has refused King's Pond's demands.

## FIRST CAUSE OF ACTION
### (Trademark Dilution)

20.     King's Pond hereby incorporates by this reference the allegations set forth above as if fully set forth herein.

21.     King's Pond has been doing business in the United States and abroad and has been using the Mark in commerce in connection with its business.

22.     King's Pond has acquired trademark rights in the Mark both at common law and further by virtue of registrations with the United States Patent and Trademark Office.

4

23.     The Mark is famous and incontestable.

24.     The Mark is entitled to protection from dilution under the Federal Lanham Act. 15 U.S.C. § 1125(c).

25.     King's Pond has extensively advertised and promoted the Mark.  Moreover, King's Pond has invested substantial time, energy, money and other resources to develop the Mark.  The Mark is inherently arbitrary, distinctive or suggestive, or has otherwise acquired secondary meaning in the relevant channels of trade to refer to King's Pond products.

26.     South Mission has used the Mark as a means of marketing its own products that compete with King's Pond's products.

27.     South Mission is using the Mark to steal and confuse King's Pond's customers.

28.     King's Pond has never granted South Mission or any of its agents any license or permission to use the Mark or similar names to market and advertise South Mission's own products.

29.     The use of the Mark by South Mission to market and advertise its own competing products tends to dilute, and has in fact diluted, the famous nature of the Mark.

30.     South Mission knowingly used the Mark to deceive customers into believing that South Mission and its agents represented or were otherwise connected with King's Pond and/or that products that South Mission was selling were in fact the products marketed and sold by King's Pond under the Mark.

31.     As a proximate result of South Mission's above-described willful conduct, King's

Pond has been damaged in excess of $75,000.00 including, but not limited to, consequential

damages and it is entitled to recover all of South Mission's profits from the actions detailed

herein as well as all of King's Pond's costs and reasonable attorneys' fees associated with this

action.

32.     At all material times, South Mission has acted in bad faith, oppressively and

maliciously toward King's Pond and its customers, with intent to injure King's Pond thereby

entitling King's Pond to treble damages in an amount to be determined at trial, including, but not

limited to, damages, lost profits and other consequential damages.

33.     The above-described acts of South Mission have caused and are continuing to

cause irreparable injury to King's Pond, for which King's Pond has no adequate remedy at law,

and South Mission will continue to do so unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (Trademark Infringement)

34.     King's Pond hereby incorporates by this reference the allegations set forth above

as if fully set forth herein.

35.     The Mark is entitled to protection from infringement under the Federal Lanham

Act.  15 U.S.C. § 1114(1).

36.     South Mission has created a likelihood of confusion with the Mark in the relevant

marketplace to King's Pond's detriment and damage, thereby constituting infringement of the

Mark.

6

37.     As a proximate result of South Mission's above-described willful conduct, King's Pond has been damaged in excess of $75,000.00 including, but not limited to, consequential damages, and is entitled to recover all of South Mission's profits from its actions detailed herein as well as all of King's Pond's costs and reasonable attorneys' fees associated with this action.

38.     At all material times, South Mission has acted in bad faith, oppressively and maliciously toward King's Pond and its customers, with intent to injure King's Pond, thereby entitling King's Pond to treble damages in an amount to be determined at trial, including, but not limited to, damages, lost profits and other consequential damages.

39.     The above-described acts of South Mission have caused and are continuing to cause irreparable injury to King's Pond, for which King's Pond has no adequate remedy at law, and South Mission will continue to do so unless enjoined by this Court.

### THIRD CAUSE OF ACTION
**(Common Law Trademark Infringement)**

40.     King's Pond incorporates by this reference the allegations set forth above as set forth fully herein.

41.     The Mark has achieved secondary meaning in the State of Utah and in the United States.

42.     South Mission has used the Mark in advertising and promotional materials to market and sell its own products that compete with King's Pond's products.

43.     South Mission's conduct has violated King's Pond's exclusive rights in the Mark.

44.     King's Pond is entitled to damages arising from South Mission's conduct in an amount in excess of $75,000.00.

## FOURTH CAUSE OF ACTION
### (Federal Unfair Competition)

45.     King's Pond incorporates by reference the above allegations of the Complaint as if set forth fully herein.

46.     The actions by South Mission detailed herein constitute unfair competition in violation of the Federal Lanham Act.  15 U.S.C. § 1125(a).

47.     As a proximate result of South Mission's above-described willful conduct, King's Pond has been damaged in excess of $75,000.00 including, but not limited to, consequential damages and it is entitled to recover all of South Mission's profits from its actions detailed herein as well as all of King's Pond's costs and reasonable attorneys' fees associated with this action.

48.     At all material times, South Mission has acted in bad faith, oppressively and maliciously toward King's Pond, with intent to injure King's Pond, thereby entitling King's Pond to treble damages against South Mission in an amount to be determined at trial.

49.     The above-described acts of South Mission have caused and are continuing to cause irreparable injury to King's Pond, for which King's Pond has no adequate remedy at law, and South Mission will continue to do so unless enjoined by this Court.

**FIFTH CAUSE OF ACTION**
**(Alternative Claim --Violation of the Utah Unfair Competition Act)**

50.     King's Pond incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

51.     To the extent that the Court determines that federal law does not apply to King's Pond's claims for unfair competition, King's Pond asserts an alternative claim under Utah state law for unfair competition.

52.     South Mission's actions, as described above, constitute methods of unfair competition proscribed by the Utah Unfair Competition Act.

53.     Defendants' intentional actions, as described above, are unlawful, unfair, or fraudulent, have lead to a material diminution in value of King's Pond's intellectual property, and involve the infringement of King's Pond's Mark.

54.     King's Pond is therefore entitled to injunctive relief barring Defendants from engaging in unfair methods of competition against King's Pond.

55.     Further, King's Pond has been damaged by South Mission's unfair competition in an amount to be proven at trial.  Pursuant to Utah Code Ann. § 13-5a-103, King's Pond is entitled to recover its actual damages, costs, attorneys' fees and punitive damages.

**SIXTH CAUSE OF ACTION**
**(Alternative Claim -- Violation of Utah Common Law Unfair Competition**
**and Unfair Trade Practices)**

56.     King's Pond incorporates by reference the above paragraphs of the Complaint as

if set forth fully herein.

57.     To the extent that the Court determines that federal law and Utah statutory law does not apply to King's Pond's claims for unfair competition, King's Pond asserts an alternative claim under Utah state common law for unfair competition.

58.     South Mission's actions constitute unfair competition and unfair trade practices proscribed by the common law of the State of Utah.

59.     South Mission's acts of unfair competition and unfair trade practices, as described above, have caused damages to King's Pond, in an amount to be proven at trial.

60.     King's Pond is being irreparably harmed by South Mission's actions, and King's Pond has no adequate remedy at law.  King's Pond is therefore additionally entitled to injunctive relief barring Defendants from engaging in further acts of unfair competition and unfair trade practices.

## SEVENTH CAUSE OF ACTION
### (Accounting Against South Mission)

61.     King's Pond realleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

62.     King's Pond is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of the South Mission that are attributable to its acts of infringement.

63.     King's Pond is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of South Mission's acts of infringement.

64.     The amount of money due from South Mission cannot be fully and finally ascertained without a detailed accounting by South Mission of the precise amount of profits of South Mission attributable to its acts of infringement.

## EIGHTH CAUSE OF ACTION
### (False Advertising—Lanham Act)

65.     King's Pond realleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

66.     By using the Mark in its advertising and promotional materials, unique UPC codes, and photographs of products marketed and sold under the Hammaka® name to sell its own products, South Mission has caused confusion regarding the entity manufacturing and selling products under the Hammaka® name.

67.     King's Pond has been damaged by South Mission's conduct in an amount to be proven more fully at trial.

## NINTH CAUSE OF ACTION
### (Alternative Claim -- False Advertising — Utah Law)

68.     King's Pond realleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

69.     To the extent that the Court determines that federal law does not apply to King's Pond's claims for false advertising, King's Pond hereby asserts this state law claim for false advertising.

70.     By using the Mark in its own advertising and promotional materials, unique UPC

codes, and photographs of products marketed and sold under the Hammaka® name to sell its own products, South Mission has caused confusion regarding the entity manufacturing and selling products under the Hammaka® name.

71.     King's Pond has been damaged by South Mission's conduct in an amount to be proven more fully at trial.

## TENTH CAUSE OF ACTION
### (Punitive Damages Claim)

72.     King's Pond realleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

73.     South Mission's conduct as described above constitutes bad faith and is willful and malicious, or otherwise manifests a knowing and reckless indifference toward, and disregard of, King's Pond's rights and, as a result, South Mission should be required to pay punitive damages in an amount to be determined at the trial of this matter.

## PRAYER FOR RELIEF

King's Pond prays for judgment against South Mission as follows:

1.      On its First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Causes of Action, for general, compensatory and consequential damages resulting from, together with all profits South Mission made as a result of, its wrongful conduct.

2.      On its Seventh Cause of Action, for an accounting of money made by South Mission by engaging in the unlawful conduct alleged in this Complaint.

3.      For King's Pond's costs and attorney fees incurred in bringing this Complaint.

4.      For such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

King's Pond demands a trial by jury of all issues triable by jury and submits the statutory fee herewith.

DATED this 24th day of March, 2016.

BENNETT TUELLER JOHNSON & DEERE

*/s/ Sean A. Monson*

_____
Sean A. Monson
Attorneys for King's Pond, LLC